```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

RITA BOHN,                                :

                Plaintiff,                :

        -against-                         :    06 CV 1390 (PKL)

MICHAEL F. BARTELS, COMPANHIA DE          :
SEGUROS MUNDIAL CONFIANÇA, S.A.,
and COMPANHIA DE SEGUROS                  :    ECF CASE
FIDELIDADE MUNDIAL, S.A.,
                                          :
                Defendants.
                                          :
- - - - - - - - - - - - - - - - - -X
```

AFFIRMATION IN OPPOSITION TO MOTION TO DISMISS

STATE OF NEW YORK    )
COUNTY OF NEW YORK   ) ss.:

       WILLIAM WATERMAN, JR., hereby declares under penalty of perjury as follows:

       1.  I am an attorney admitted to practice in this court and am attorney for plaintiff in this action.  I make this affirmation in opposition to defendants' motion to dismiss the complaint herein.

       2.  Plaintiff's principal arguments in opposition to defendants' motion are set forth in the memorandum of law submitted herewith.  This affirmation and the declarations of plaintiff Rita Bohn and Portuguese lawyer Joao Caniço Gomes are submitted to provide evidentiary support to certain details set forth in the memorandum.

3. Defendants have named a potential witness identified as Artur Miguel, apparently a policeman, with identity number 148206. See the final page of Exhibit D to defendants' motion. This is apparently the policeman who signed the Portuguese police report issued in respect of the accident, who is identified by number 148206. The narrative in the report sets forth what defendant Bartels stated about the accident, that plaintiff was unable to give an account of what happened, and that plaintiff had been taken to the hospital in an American military ambulance.

4. In connection with the question whether it might be advisable to have a view of the location where the accident took place, I confirm that plaintiff is in possession of several photographs taken of the accident site shortly after the accident.

5. Plaintiff in her declaration attached hereto as Exhibit A confirms that all the individuals who were present in the immediate vicinity at the time the accident occurred are Americans and native speakers of English.

6. The expert declaration of Portuguese lawyer Joao Caniço Gomes attached hereto as Exhibit B sets forth relevant information on Portuguese law and procedure.

7. Submitted herewith as Exhibit C is a copy of a page from an Internet website setting forth certain details as to Lajes Field in the Azores. It states at the bottom of the last

page the following population figures for the base:

```
U.S. Active duty Officer         94
U.S. Active Duty Enlisted       848
U.S. Family Members            1283
U.S. Retirees                    20
U.S. Civilian Employees         100
```

This comes to a total of 2345 Americans on the base. Plaintiff in her declaration submitted herewith as Exhibit A confirms that virtually all of these Americans had cars or belonged to families which had cars.

8. This action was commenced on February 21, 2006. Another action concerning the same accident was commenced on February 23, 2006 in the Court of Vila Praia da Vitoria on Terceira Island in the Azores. The reason the Portuguese action was commenced was as follows:

a. Plaintiff had advised me that after the accident she had been repeatedly in contact with defendant Bartel's insurer, then Companhia de Seguros Mundial Confiança, S.A., about getting compensation for her medical bills and injuries, that the company's representatives had told her orally that the company was 100% responsible to compensate her and asked that she submit documentation to them, which she did, but that the insurer never responded to her communications nor did they ever make any payment to her.

b. I was aware that plaintiff had the right to bring an action directly against the insurer under a provision of Portuguese law, namely Article 29 of Decree-Law 522/85 of

December 31, 1985. Particularly in view of the insurer's history of non-responsiveness to plaintiff, I wanted to make sure this right was protected. I could allege a cause of action against the insurer in the New York action, but whether the court in New York would sustain jurisdiction over the insurer was quite uncertain. The statute of limitations in Portugal was about to expire. Accordingly the Portuguese action was brought to assure that plaintiff's direct right against the insurer was preserved even if the New York court did not sustain jurisdiction over the insurer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 31, 2006.

_____
William Waterman, Jr.