```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

RITA BOHN,                            :

                 Plaintiff,           :

        -against-                     :    06 CV 1390 (PKL)

MICHAEL F. BARTELS, COMPANHIA DE      :
SEGUROS MUNDIAL CONFIANÇA, S.A.,
and COMPANHIA DE SEGUROS             :    ECF CASE
FIDELIDADE MUNDIAL, S.A.,
                                      :
                 Defendants.
                                      :
- - - - - - - - - - - - - - - - - - -X
```

                           DECLARATION

PORTUGUESE REPUBLIC )
CITY OF LISBON      ) ss.:

JOÃO CANIÇO GOMES hereby declares under penalty of perjury as follows:

1.  I am a lawyer admitted to practice in Portugal, having studied law at Lisbon Lusiada University from 1984 to 1989, receiving the degree of Licenciado in 1989, and having qualified as a lawyer in 1991.  I am a partner of the firm of Simmons & Simmons Rebelo de Sousa, a law firm with offices at Rua Dom Francisco Manuel de Melo, 21, 1070-075 Lisbon, Portugal.  I have extensive experience in all areas of civil and commercial litigation, including torts, and am head of the dispute resolution practice in our Lisbon office.  Litigation practice is about 99% of my work.  I am the author of several articles on dispute resolution in various publications,

including the Bar Association Journal and the Diário Económico.  I regularly speak at seminars and public conferences in my practice areas.

   2.  My firm represents plaintiff Rita Bohn in the action filed in Portugal against the defendants herein in respect of the accident which is also the subject of the action pending in the United States District Court for the Southern District of New York.  The Portuguese action was filed on February 23, 2006.  Based on my experience in litigation in Portugal I know that litigation of this kind in the Portuguese courts generally takes between three to five years to complete in the court of first instance (without including additional time for any appeal which might thereafter be taken).  I thus estimate that it would take between three and five years to obtain a decision in the above-referred Portuguese action.

   3.  Article 483(1) of the Civil Code of Portugal provides as follows:

> Aquele que, com dolo ou mera culpa, violar ilicitamente o direito de outrem ou qualquer disposição legal destinada a proteger interesses alheios fica obrigado a indemnizar o lesado pelos danos resultantes da violação.

Translated into English this provision reads:

> Whoever, by fraud or with mere fault, violates the right of another or any provision of law intended to protect the interests of others becomes obligated to

>indemnify the injured party for the damages resulting from the violation.

This provision is applied under Portuguese law to cases of negligence; thus under the law of Portugal one who by his negligence causes injury to another is liable for the damages caused thereby.

  4. Under the law of Portugal in cases involving negligence the rule of comparative negligence applies. Article 570(1) of the Civil Code of Portugal provides:

>Quando um facto culposo do lesado tiver concorrido para a produção ou agravamento dos danos, cabe ao tribunal determinar, com base na gravidade das culpas de ambas as partes e nas consequências que delas resultaram, se a indemnização deve ser totalmente concedida, reduzida ou mesmo excluída.

Translated into English this provision reads:

>When an element of culpability on the part of the injured party has contributed to the production or aggravation of the damage, it is for the court to determine, on the basis of the gravity of the fault of both of the parties and the consequences which resulted therefrom, whether the compensation should be allowed in full, reduced or even disallowed.

Applied to accident cases this means that in Portuguese litigation where it is established that there has been contributory negligence on the part of the plaintiff, the finder of fact has to determine the relative proportions of negligence on the part of both plaintiff and defendant contributing to the accident.

  5. Article 103 of the Highway Code of Portugal provides:

- 3 -

> Cuidados a observar pelos condutores
>
> 1. Ao aproximar-se de uma passagem de peões assinalada, o condutor, mesmo que a sinalização lhe permita avançar, deve deixar passar os peões que já tenham iniciado a travessia da faixa de rodagem.
>
> 2. Ao mudar de direcção, o condutor, mesmo não existindo passagem assinalada para a travessia de peões, deve reduzir a sua velocidade e, se necessário, parar a fim de deixar passar os peões que estejam a atravessar a faixa de rodagem da via em que vai entrar.
>
> 3. Quem infringir o disposto nos números anteriores é sancionado com coima de 120 a 600 euros.

Translated into English this provision reads:

> Precautions to be observed by drivers
>
> 1. On approaching a marked pedestrian crossing the driver, even if the signs allow him to advance, the driver must allow pedestrians who have already begun to cross the road lane to pass.
>
> 2. On changing direction the driver, even if there is no marked pedestrian crossing must reduce his/her speed and, if necessary, stop in order to let the pedestrians pass who were crossing the road lane that he will enter.
>
> 3. Whoever infringes the provisions of the previous sections is subject to a fine of between 120 and 600 euros.

This means that in Portugal a driver must yield the right of way to a pedestrian in a crosswalk.

      6. In the Portuguese courts if a witness testifies in a language other than Portuguese the testimony must be translated. The costs of translation are included in the court fees (Article 32, paragraph 1, al. c and Article 34, paragraph 1, al. c of the Portuguese Court Fees Code), which must be borne

- 4 -

by the losing party under Articles 446 to 455 of the Portuguese Code of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 27 July 2006.


João Caniço Gomes